UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C-13-00107 DMR |
|     Plaintiff(s), | **ORDER REMANDING CASE TO CONTRA COSTA SUPERIOR COURT** |
|     v. | |
| WILFRED TOY, | |
|     Defendant(s). | |

    Defendants Wilfred and Joannie Toy ("Defendants") removed this case pursuant to 28 U.S.C. § 1441 from Contra Costa County Superior Court, where it was pending as a complaint for unlawful detainer against Defendants. The Notice of Removal states two grounds for removal: that the complaint presents a federal question such that the case could have originally been filed in this Court and that diversity exists between the parties. (Notice of Removal ¶¶ 1-4, 10-20, 22.)

    When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties filed consents to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). The court therefore may enter a final disposition in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1. For the reasons below, the court remands this case to Contra Costa County Superior Court.

## I. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831.

According to Defendants' Notice of Removal, a federal question arises under 28 U.S.C. § 1443[1] because California state courts have denied Defendants their equal protection, due process, and contractual rights. (Notice of Removal ¶¶ 3, 22, 27.) Under section 1443, however, Defendants must satisfy a two-part test to sustain removal: they must (1) "assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and (2) "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Bank of Am., N.A. v. Richards*, No. 10-1062 CW, 2010 WL 1525728, at

---

[1] Section 1443 states:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
§ 1443.

*2 (N.D. Cal. Apr. 15, 2010) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)) (quotation marks omitted). Even assuming Defendants are able to satisfy the first prong, they fail to satisfy the second, as they have not cited any state law that suggests that the Contra Costa County Superior Court will not enforce their federal rights.

Moreover, the complaint that Plaintiff filed in state court simply alleges a state cause of action for unlawful detainer. (Compl.) As a general matter, whatever Defendants intend to argue in response to these allegations does not give rise to removal jurisdiction. *See Deutsche Bank Nat'l Trust v. Heredia*, No. 12-4405 (DMR), 2012 WL 4714539, at *1 (N.D. Cal. Sept. 14, 2012). Defendants have not established that the Court has subject matter jurisdiction over this action.

## II. Diversity Jurisdiction

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ." *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993). Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (holding that statute of limitations defense might bar portion of relief sought did not affect amount in controversy). Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendants aver that this case fulfills the diversity jurisdiction requirements. (Notice of Removal ¶ 10.) They suggest that they are residents and citizens of the State of California and that Plaintiff is not incorporated in the state, and claim that the amount in controversy in this case is at least $690,000.00, the value of their home. (Notice of Removal ¶¶ 10, 16.) However, Defendants overlook that the face of the Complaint unequivocally places its demand "Under $10,000." (Compl.) Moreover, possession of the real property is the sole issue in the complaint. The value of

the property is irrelevant to the issue of possession. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

### III. Conclusion

For the reasons above, the court remands this action to the Contra Costa County Superior Court.

IT IS SO ORDERED.

Dated: January 25, 2013



DONNA M. RYU
United States Magistrate Judge